**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Larry Booker, | Case No.: 2:25-cv-01603-APG-EJY |
| Plaintiff | **Order for Service by U.S. Marshals Service** |
| v. | |
| Las Vegas Detention Center, et al., | |
| Defendants | |

Plaintiff Larry Booker brings this civil-rights action to redress constitutional violations that he allegedly suffered while incarcerated at Las Vegas Detention Center. In screening Booker's complaint, I allowed Eighth Amendment unlawful-conditions-of-confinement and Fourteenth Amendment administrative-segregation claims to proceed, granted Booker in forma pauperis status, and ordered that service of the summonses and copies of the complaint must be perfected by December 16, 2025. ECF No. 4. I also ordered that a response to Booker's injunctive-relief motion is due by September 26, 2025. *Id.*

Because Booker is incarcerated, a pauper, and proceeding pro se, I directed that a request for waiver of service under Federal Rule of Civil Procedure 4 be sent to the Las Vegas City Attorney's Office for the defendants. *Id.* I gave the defendants until October 17, 2025, to return the waiver if they wished to do so. *Id.* That deadline expired without any defendant filing a waiver of service of summons. I will therefore direct the U.S. Marshal to effect service of summonses, the complaint, the injunctive-relief motion, and a copy of this order on each defendant. *See* Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d).

I THEREFORE ORDER that the plaintiff will have **until November 19, 2025**, to complete the required USM-285 forms with relevant information as to each defendant and furnish the completed forms to the U.S. Marshal for service.

I FURTHER ORDER that **within 20 days** after receiving from the U.S. Marshal a copy of the USM-285 forms showing whether service has been accomplished, the plaintiff must file a notice with the court identifying whether each defendant was served. If any defendant was not served and the plaintiff wishes to have service again attempted, then plaintiff must file a motion specifying a more detailed name and/or address of the defendant, or whether some other manner of service should be attempted.

I FURTHER ORDER that the plaintiff will serve upon defendant, or if an appearance has been entered by counsel, upon their attorneys, a copy of every pleading, motion, or other document submitted for the court's consideration. If the plaintiff electronically files a document with the court's electronic-filing system, no certificate of service is required. Fed. R. Civ. P. 5(d)(1)(B); Nev. IC 4-1(b); Nev. LR 5-1. But if the plaintiff mails the document to the court, he will include with it a certificate stating the date that a true and correct copy of the document was mailed to defendant or their attorneys. If counsel has entered a notice of appearance, the plaintiff will direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The court may disregard any document received by a district judge or magistrate judge that has not been filed with the clerk or fails to include a certificate showing proper service when required.

The Clerk of the Court is directed to (1) issue summonses for Officer Schmalling, Officer Brewer, and Sergeant Cook; (2) deliver the summonses and sufficient copies of the complaint (ECF No. 5), the injunctive-relief motion (ECF No. 3), and this order to the U.S. Marshal for

service on the defendants; and (3) send plaintiff Larry Booker three copies of the USM-285 form and a courtesy copy of his complaint (ECF No. 5).

Dated: October 21, 2025

_____
Andrew P. Gordon
Chief United States District Judge